25-938-cv
*Pierce v. McCarthy*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand twenty-six.

PRESENT:
> **GUIDO CALABRESI,**
> **DENNY CHIN,**
> **SARAH A. L. MERRIAM,**
> > *Circuit Judges.*

_____

John Anthony Pierce,

> *Plaintiff-Appellant*,

> v.                                                                          25-938

Timothy McCarthy; Andrew Lowe, Deputy Superintendent Programs, Auburn Correctional Facility; Patrick Kennedy, Senior Offender Rehabilitation Counselor, Auburn Correctional Facility; Ronald Dewberry, Chaplain, Auburn Correctional Facility; Daniel F. Martuscello, III, Acting Commissioner of Corrections; Jeff McKoy, Deputy Commissioner of Program Services;

> *Defendants-Appellees*,

**James Donahue, First Deputy Superintendent, Auburn Correctional Facility; Thomas Napoli, Deputy Superintendent Administration, Auburn Correctional Facility; Thomas Harte, Acting Deputy Superintendent Security, Auburn Correctional Facility; Zebra Cicconi-Crozie, Asst. Deputy Superintendent Medical, Auburn Correctional Facility; Brian Norris, Security Captain, Auburn Correctional Facility; Michael Pettigrass, Senior Offender Rehabilitation Counselor, Auburn Correctional Facility; Cheryl Parmiter, Inmate grievance Program Supervisor, Auburn Correctional Facility; Ashly Cahill, Deputy of Mental Health, Auburn Correctional Facility; Ms. White, Deputy of Mental Health, Auburn Correctional Facility; Ms. A. Smithers; William Southwood, Deputy Superintendent Industry, Auburn Correctional Facility; Jane Doe, Administrator, Auburn Correctional Facility; John Doe, Administrator, Auburn Correctional Facility; Melissa Woodman, Social Worker, Office of Mental Health, Auburn Correctional Facility; Carrie Citrin, Nurse Practitioner of Psychiatry, Office of Mental Health, Auburn Correctional Facility; Jane Doe(s), Office of Mental Health, Auburn Correctional Facility; John Doe, Office of Mental Health, Auburn Correctional Facility; Jane Doe, Commissioner; John Doe, Commissioner; Danielle Dill, Executive Director, CNYPC; Julie Dennis, Office of Diversity Management; John Doe, Office of Diversity Management; Jane Doe, Office of Diversity Management; Kathy Hochul, Governor;**

***Defendants.*** [*]

_____

**FOR PLAINTIFF-APPELLANT:** John Anthony Pierce, *pro se*, Collins, NY.

**FOR DEFENDANTS-APPELLEES:** Barbara D. Underwood, Solicitor General; Dustin J. Brockner, William M. Hayes, Assistant Solicitors General; *for* Letitia James, Attorney General for the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Brindisi, *J.*; Stewart, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 18, 2025, judgment of the District Court is **AFFIRMED**.

John Anthony Pierce, proceeding *pro se*, appeals from the District Court's judgment dismissing his amended complaint in part and granting summary judgment to defendants on the remaining claims. Pierce sued Governor Andrew Cuomo and officials at the New York State Office of Mental Health ("OMH"), Department of Corrections and

[*] The Clerk of Court is respectfully directed to amend the caption as reflected above.

Community Supervision ("DOCCS"), and Auburn Correctional Facility ("Auburn").

Pierce asserted a number of claims in the operative Amended Complaint. On appeal, he challenges the dismissal only of certain claims, including First Amendment claims asserted under 42 U.S.C. §1983 and claims under the Privacy Act. Pierce also challenges the District Court's denial of his motion to appoint counsel, the dismissal of his claims against Governor Cuomo, and the denial of a motion to supplement the Amended Complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. §1915(e)(2)(B)." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (per curiam). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because Pierce "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

**First**, upon *de novo* review, we conclude that Pierce failed to state a First Amendment claim for retaliation.[1] "[I]n order to survive a motion to dismiss a complaint, a [prisoner] plaintiff asserting First Amendment retaliation claims must allege

---

[1] The District Court properly construed Pierce's Amended Complaint as asserting a First Amendment retaliation claim, even though the Amended Complaint does not use that language.

(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citation modified). As "adverse action," Pierce points to two potentially retaliatory alleged acts: Superintendent Timothy McCarthy's alleged request that an OMH employee persuade Pierce to stop submitting letters and grievances and Pierce's alleged referral to OMH based on those letters and grievances. *See* Pierce Br. at 4. Even construing the Amended Complaint generously to assume that these allegations were raised, neither supports a First Amendment retaliation claim. Also insufficient is the allegation that defendant McKoy wrote to Pierce "encourag[ing]" him "to maintain a favorable disciplinary record and nurture a positive attitude regarding the programs available to [him]." *Pierce v. McCarthy*, No. 9:21CV01301(AJB)(DJS) (N.D.N.Y. Apr. 26, 2022), Doc. #12 at 9, ¶7.

"To constitute adverse action, conduct must be of the type that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Walker v. Senecal*, 130 F.4th 291, 298 (2d Cir. 2025) (citation modified). Under our precedents, denial of medical care, or the provision of inferior medical care, clearly constitutes "adverse action." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003). So, too, does compulsory psychiatric treatment. *See Kerman v. City of New York*, 261 F.3d 229, 242 (2d Cir. 2001). But Pierce does not allege that he was denied medical care

5

or subjected to inferior medical care as a result of his letters and grievances. Nor does he allege that anyone directly attempted to stop him from writing letters or filing grievances, nor that anyone threatened any consequences if he continued to do so. And while it is true that Pierce was referred to OMH for evaluation, he does not allege that he was forced to undergo any psychiatric treatment as a result of that referral, nor that he was mistreated by OMH staff. Furthermore, even if the OMH referral could be construed as an adverse action, which is perhaps a close question, he failed to identify who made the referral, and thus failed to allege personal involvement of any defendant as required to state a §1983 claim. *See Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))). Finally, it is significant that Pierce had been receiving services from OMH medical staff just a few months prior to the referral at issue here. On these facts, the District Court's finding of no adverse action was not erroneous.

**Second**, we further conclude that Pierce failed to state a claim under the Privacy Act. "[U]nder the Privacy Act . . . there is no private right of action against an official or employee of a municipal or state, rather than a federal, agency." *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) (citation modified); *see* 5 U.S.C. §552a(g). All defendants named in this action are state actors, rather than federal actors. Accordingly, no private right of action lies against them.

6

**Third**, we conclude that all claims against Governor Cuomo were properly dismissed.   On appeal, Pierce argues that the District Court erred in substituting Governor Kathy Hochul for Cuomo, but it is well established that "when officials sued in their official capacities leave office, their successors automatically assume their role in the litigation."   *Lewis v. Clarke*, 581 U.S. 155, 162 (2017); *see also* Fed. R. Civ. P. 25(d).   The Court's substitution was therefore proper as to Pierce's official-capacity claim; furthermore, Pierce does not challenge the District Court's conclusion that his official-capacity claims against the Governor seeking injunctive relief related to programming at Auburn became moot when Pierce was transferred to a different facility, and that his claim seeking policy changes at DOCCS should have been directed toward DOCCS officials.   To the extent Pierce challenges the dismissal of his individual-capacity claims against Cuomo, those claims were properly dismissed because Pierce does not allege that Cuomo was personally involved in any alleged violation of his rights. *See Tangreti*, 983 F.3d at 616.

Finally, we address Pierce's argument that the District Court erred in denying his motion to supplement the Amended Complaint.   "We review the District Court's denial of a motion [to supplement] for abuse of discretion.   Under this deferential standard, we will reverse a district court only if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions."   *Nat'l Credit Union Admin. Bd. v.*

7

*U.S. Bank Nat'l Ass'n,* 898 F.3d 243, 256 (2d Cir. 2018) (citation modified). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted . . . when the supplemental facts connect [the proposed supplement] to the original pleading." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). Pierce's proposed supplement asserted new claims against new defendants and involved incidents unrelated to the events described in the Amended Complaint. The District Court did not abuse its discretion by concluding that "the proposed supplemental claims bear no relationship" to the existing claims, and that "accepting [Pierce's] proposed supplemental pleading would likely result in prejudice to the current defendants through a further delay in resolution of the dispute." *Pierce v. McCarthy*, No. 9:21CV01301(AJB)(DJS) (N.D.N.Y. Dec. 7, 2022), Doc. #49 at 6.

We have considered all of Pierce's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8